UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MEEKINS, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-06-290 |
| | : |
| JEFFERY BEARD, et al., | : (Judge Kosik) |
| | : |
| Defendants | : |

## **M E M O R A N D U M**

### I.   Background

This civil rights action filed pursuant to 42 U.S.C. § 1983 by William Meekins, an inmate confined in the Special Management Unit ("SMU") at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), proceeds on an amended complaint submitted on March 23, 2006 (Doc. 7). Named as Defendants are Department of Corrections ("DOC") officials Jeffery A. Beard and John Shaffer, as well as DOC employees at SCI-Camp Hill and SCI-Waymart.  Plaintiff alleges he was arbitrarily transferred from SCI-Waymart to the SMU at SCI-Camp Hill on November 16, 2005, without due process and in retaliation for separate litigation he previously filed in this court.  He further contends that he is being denied adequate medical care

with regard to a "severe condition" he got while at SCI-Waymart, as well as adequate dental care for seven (7) carious lesions.

On March 1, 2007, the court granted in part and denied in part Defendants' motion to dismiss the amended complaint. The motion was granted with respect to all claims set forth against Defendants in their official capacities for monetary damages. The motion was denied in all other respects. (Doc. 45.) Presently pending in the case are cross motions for summary judgment (Docs. 59, 96), which will be addressed in a separate Memorandum and Order. Also pending are the following motions filed by Plaintiff which will be addressed herein: Plaintiff's motions for injunctive relief (Docs. 69, 93), motion for sanctions (Doc. 70) and motion for judgment hearing (Doc. 84).[1]

## II. Discussion

### A. Motion for Sanctions

Plaintiff requests "Rule 11 sanctions" against Defendants and their counsel based upon the alleged perjury Defendants committed in responding to Plaintiff's discovery requests. Plaintiff claims that in responding to his First Request for

---

[1] Without unnecessary elaboration, the motion for judgment hearing will be denied. Plaintiff filed the motion on July 2, 2007, seeking a "judgment hearing" since the dispositive motions deadline had expired, and Defendants had failed to file a dispositive motion. Plaintiff's motion will be denied in light of this court's Order of February 14, 2008, granting nunc pro tunc Defendants' motion for enlargement of time to file a dispositive motion on May 31, 2007, and deeming timely filed their motion for summary judgment submitted on August 7, 2007. (Doc. 45.)

Admissions, and then later to his Second Request for Production of Documents, Defendants gave two conflicting responses. He claims that they first maintain that a "Policy No. 2.1.2 does exist" and then later respond that such a policy does not exist. In reviewing the discovery inquiries made by Plaintiff, and the responses provided thereto by Defendants, it is clear that Plaintiff had misread the responses given by Defendants. In the Request for Admissions, Plaintiff inquires as to whether the SMU has a manual/policy titled "2.1.2 Research Activities" which is currently applied to SMU prisoners. Defendants respond that a Department <u>policy</u> 2.1.2 entitled "Research Activities" does exist, but that it has no application to SMU inmates. (Emphasis added.) In the Request for Production of Documents, Plaintiff requests the "D.O.C. 2.1.2 Research Activities Manual. Defendants respond that no <u>Procedures Manual</u> associated with Department policy No. 2.1.2 entitled "Research Activity Policy" exists. (Emphasis added.)

In analyzing this information, it is clear that there is no inconsistency between the two answers. In responding to the first request, while Defendants admit there exists a Department policy 2.1.2, they never state that there is a Procedures Manual associated with that policy. Accordingly, the motion for sanctions (Doc. 70) will be denied.

### B.     Motions for Injunctive Relief

Also pending are two motions filed by Plaintiff seeking preliminary injunctive

relief. In both motions, Plaintiff requests his transfer from SCI-Camp Hill. In the first motion which was filed on June 7, 2007 (Doc. 69), Plaintiff claims that he was recently approved for transfer to the regular institutional population to initiate the "probationary" period of the last SMU phase, but contends that Defendants Southers and Kelchner keep "retaliating" to move him back to Stage 5 to keep him in the SMU program. He mentions the issuance of false rules violations/misconducts against him and threats of assault.

In the second motion for preliminary injunctive relief filed on August 7, 2007 (Doc. 93), Plaintiff again seeks his transfer from SCI-Camp Hill and the SMU there, and also requests that Defendants be arrested and that he be provided with copies of the pleadings in his actions pending in this court. In the motion, Plaintiff complains about the SMU conditions, including the failure to receive medical and dental care, as well as his thwarted efforts in attempting to advance through the SMU program and Defendants' adverse actions of taking his personal property and issuing misconducts.

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. See American Tel. and Tel. Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994), cert. denied, 514 U.S. 1103 (1995). Moreover, issuance of such relief is at the discretion of the trial judge. Orson, Inc. v. Miramax Film, Corp., 836 F. Supp. 309, 311 (E.D. Pa. 1993). In determining whether to grant a motion seeking preliminary injunctive relief, courts in

4

the Third Circuit consider the following four factors:

> (1) likelihood of success on the merits;
> (2) irreparable harm resulting from a denial of relief;
> (3) the harm to the non-moving party if relief is granted; and
> (4) the public interest.

United States v. Bell, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003)(internal citations omitted).  It is the moving party that bears the burden of satisfying these factors. (Id.)

Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered.  See Continental Group, Inc., v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980).  Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial."  Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989).  A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm."  Id. The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunctive relief is to be issued.  Id.  Speculative injury does not constitute a showing of irreparable harm. Continental, 614 F.2d at 359; see also Public Serv. Co. v. West Newbury, 835 F.2d 380, 383 (1st Cir. 1987).  "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."  Instant Air Freight, 882 F.2d at

801 (quoting Sampson v. Murray, 415 U.S. 61, 90 (1964)).  Of course, a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.  See Weaver v. Wilcox, 650 F.2d 22, 27 n. 13 (3d Cir. 1981)(prisoner's transfer from the prison moots claim for injunctive and declaratory relief with respect to prison conditions, but not claims for damages.)  "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction."  In Re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982).

In considering the factors outlined above, it is clear that injunctive relief is not warranted.  First, it is well established that a prisoner "has no justifiable expectation that he will be incarcerated in any particular prison."  See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); see also Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Further, with regard to the majority, if not all of Plaintiff's allegations, he will not suffer irreparable harm if preliminary injunctive relief is not granted.  He has adequate legal remedies available.  While he does maintain that he is being deprived of medical and dental care, the court has presently pending before it another action filed by Plaintiff, Civil Action 06-1321, wherein it has recently been established that Plaintiff is receiving care while in the SMU, even though it may not be the treatment and care he desires.  Thus, Plaintiff's medical and dental needs are not being ignored, as he appears to allege in his motion for injunctive relief. Any contention that his

6

treatment is insufficient does not constitute irreparable harm warranting preliminary injunctive relief. In addition, the balancing of potential harm to the parties weighs more heavily in favor of Defendants at this point because the issuance of the requested relief would have an unduly adverse affect on the ability of prison staff to exercise their professional judgment in managing the prison, as well as determining the appropriate course of treatment of an inmate. It would encourage filings by inmates seeking to obtain transfers to other facilities or medical treatment they feel is necessary in situations where they disagree with where they are currently housed or with the treatment being provided by the prison. For all of these reasons, the motions will be denied.   An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM MEEKINS, :
:
    Plaintiff :
  v. :
: CIVIL NO. 3:CV-06-290
:
JEFFREY A. BEARD, et al., : (Judge Kosik)
:
    Defendants :

## **O R D E R**

**NOW, THIS 20th DAY OF FEBRUARY, 2008,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

    1. Plaintiff's Motions for Preliminary Injunctive Relief (Docs. 69, 93) are **denied**.

    2. Plaintiff's Motion for Sanctions (Doc. 70) is **denied**.

    3. Plaintiff's Motion for Judgment Hearing (Doc. 84) is **denied**.

                             *s/EDWIN M. KOSIK*
                             United States District Judge